# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GARY LEON WEBSTER**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #114018**

v.　　　　　　　　　　　Case No. 3:20-cv-00325-LPR

**MICHELE JONES**　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster is incarcerated at the Tucker Unit of the Arkansas Department of Corrections. He filed a *pro se* Complaint on October 14, 2020 along with a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). (Docs. 1, 2). Mr. Webster's IFP Motion (Doc. 1) is DENIED based on his litigation history and his Complaint (Doc. 2) is DISMISSED without prejudice for failure to pay the filing fee.

Mr. Webster sues Michele Jones, a court reporter in Craighead County, Arkansas, in her personal and official capacities. (Doc. 2) at 1-2. Mr. Webster explains that "[c]ourt reporters sell transcripts." (*Id.*) at 4. He alleges he "submitted up to six requests for the transcript of [a September 7, 2018] hearing, to no avail." (*Id.*). Mr. Webster sent his requests "to [Ms. Jones'] address on the copy of that appeal." (*Id.*). The return mail he received read "cannot be delivered to that address." (*Id.*). Mr. Webster claims the damage from not receiving a copy of the transcript is extensive. (*Id.*). He seeks $5,000,000 in compensatory damages and $10,000,000 in punitive damages. (*Id.*) at 5.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prior to filing this lawsuit on October 14, 2020, Mr. Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does,* 3:19-cv-59-DPM (E.D. Ark. June 13, 2019); *Webster v. Pigg*, 3:19-cv-60-DPM (E.D. Ark. June 13, 2019); and *Webster v. Day Inn Motels, Inc., et al.,* 3:19-CV-78-DPM (E.D. Ark. June 13, 2019).

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

For Mr. Webster to be able to proceed *in forma pauperis* in this case, he must establish he was in imminent danger of serious physical injury at the time he filed his Complaint. *See Ashley,* 147 F.3d at 717. Mr. Webster does not allege he is or was in imminent danger, and the pleadings do not otherwise indicate imminent danger. Accordingly, the imminent danger exception does not apply. *See id.* Therefore, this case will be dismissed due to Mr. Webster's failure to pay the filing fee. Mr. Webster will have thirty (30) days to reopen this case by paying the $400 filing fee in full.

It is therefore ORDERED that:

1. Mr. Webster's Motion to Proceed *In Forma Pauperis* (Doc. 1) is denied.

2. Mr. Webster's Complaint (Doc. 2) is dismissed without prejudice.

3. Mr. Webster has thirty (30) days from the date of this order in which to reopen this case by paying the $400 filing fee in full.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 2nd day of November 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE